**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| LISA CAIOLA, on behalf of herself and all others similarly situated,<br><br>Plaintiff,<br>v.<br><br>MACK AUTO IMPORTS LLC d/b/a HONDA OF TOMS RIVER, ANTON SEMPRIVIVO, ROBERT HELLE, JOHN DOES 1 through 10, and ABC CO. 1 through 10**.**<br><br>Defendants. | Civil Action No.<br><br>**COMPLAINT**<br><br>**FLSA COLLECTIVE ACTION AND RULE 23 CLASS ACTION**<br><br>**DEMAND FOR JURY TRIAL** |

Lisa Caiola ("Plaintiff"), on behalf of herself and all others similarly situated, by and through the undersigned counsel, The Law Offices of Thomas H. Andrykovitz, P.C., respectfully alleges the following:

**PRELIMINARY STATEMENT**

1. Plaintiff brings this action to address intentional violations of the Fair Labor Standards Act, 29 U.S.C. §§ 201, *et seq.*, ("FLSA"), the New Jersey Wage and Hour Law, N.J.S.A. §§ 34:11-56a, *et seq*. ("NJWHL"), and the New Jersey Wage Payment Law, N.J.S.A. §§ 34:11-4.1, *et seq*. ("NJWPL") for failing to pay minimum wage, overtime premiums, and earned commissions.

2. Defendant Mack Auto Imports LLC d/b/a Honda of Toms River, Defendant Anton Semprivivo, Defendant Robert Helle, JOHN DOES 1 through 10, and ABC CO. 1 through 10 (collectively "Defendants") terminated Plaintiff, in violation of the Conscientious Employee

Protection Act, N.J.S.A. §§ 34:19-1, *et seq.* ("CEPA"), after Plaintiff complained to Defendants when they did not pay her earned compensation.

3. At all relevant times, Plaintiff and all others similarly situated were employees of Defendants.

4. At all relevant times, Defendants deliberately failed to pay Plaintiff for all of her worktime.

5. Defendants terminated Plaintiff on or about May 8, 2026 because Plaintiff complained about unpaid wages.

**JURISDICTION AND VENUE**

6. This Court has federal question jurisdiction under 28 U.S.C. § 1331 because this case is brought under the Fair Labor Standards Act, 29 U.S.C. §§ 201, *et seq.* ("FLSA"). This Court has supplemental jurisdiction over the state law claims under the New Jersey Wage and Hour Law, N.J.S.A. §§ 34:11-56a, *et seq*. ("NJWHL"), the New Jersey Wage Payment Law, N.J.S.A. §§ 34:11-4.1, *et seq.* ("NJWPL"), and the Conscientious Employee Protection Act, N.J.S.A. §§ 34:19-1, *et seq.* ("CEPA"), as they are so related to the claims in this action within the Court's original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

7. Venue is proper in this District because Defendants conduct business in this District and the acts and/or omissions giving rise to the claims herein alleged took place in this District.

**THE PARTIES**

8. Plaintiff is an adult resident of the State of New Jersey.

9. Plaintiff was employed by Defendants from June 2017 until she was fired by Defendants on or about May 8, 2026.

10. Defendant Mack Auto Imports LLC (also "Honda of Toms River") is a limited liability company doing business as Honda of Toms River at 346 Route 37 East, Toms River, NJ 08753.

11. Defendant Mack Auto Imports LLC is an employer as defined by the FLSA (29 U.S.C. § 203(d)), with its principal place of business within the District of New Jersey.

12. Upon information and belief, Defendant Mack Auto Imports LLC purchased and handled goods moved in interstate commerce.

13. Upon information and belief, Defendant Mack Auto Imports LLC at all relevant times has a gross volume of sales in excess of $500,000.00 per year.

14. Defendant Mack Auto Imports LLC is controlled by Anton Semprivivo, who exercises control both directly and through the Controller, the General Manager Robert Helle, the Business Development Manager, the Sales Manager, the Parts Manager, the Service Manager, and other managers (collectively the "Management Team").

15. Upon information and belief, Defendant Anton Semprivivo ("Defendant Semprivivo") resides in the State of New Jersey.

16. Defendant Semprivivo is the Executive Vice President of Honda of Toms River.

17. In an article dated July 29, 2025, NJ Spotlight News quoted Defendant Semprivivo describing himself as Executive Vice President of Honda of Toms River "As someone who walks the floor of my dealership every day…" **Exhibit A**.

18. Upon information and belief, Defendant Robert Helle ("Defendant Helle") resides in the State of New Jersey.

19. Defendant Helle is the general manager of Mack Auto Imports LLC and is actively involved in all aspects of the business known as Honda of Toms River.

20. Defendant Helle reports to Defendant Semprivivo.

21. At all relevant times, Defendant Semprivivo and Defendant Helle set the terms and conditions of Plaintiff's employment and others similarly situated.

22. At all relevant times, Defendant Semprivivo and Defendant Helle set the work schedule of Plaintiff and others similarly situated.

23. Defendant John Does 1 through 10 are fictitiously named defendants, the identities of which are unknown at present, but who are liable to Plaintiff by reason of their knowing and joint participation in the conduct that damaged Plaintiff, and who aided and abetted, ratified, authorized, acquiesced in, approved or condoned the misconduct complained of in this complaint, and specifically, includes all individuals who participated in the illegal conduct referred to herein and/or who engaged in intentional and/or reckless extreme and outrageous conduct, which caused Plaintiff harm.

24. Defendant ABC CO. 1 through 10 are fictitious entities, the identities of which are unknown at present, but that are liable to Plaintiff by reason of their knowing and joint participation in the conduct that damaged Plaintiff, pursuant to the doctrine of *respondeat superior*, or that are otherwise responsible to Plaintiff for the wrongful conduct referred to herein.

25. At all relevant times, Mack Auto Imports LLC constituted an enterprise engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. §§ 203(r) and 203(s). Defendants Semprivivo and Helle acted directly or indirectly in Mack Auto Imports LLC's interest in relation to Plaintiff and the similarly situated employees and were employers within the meaning of 29 U.S.C. § 203(d).

26. At all relevant times to this action, Defendants were employers within the meaning of the FLSA, the NJWPL, and the NJWHL, because they exercised sufficient control of Mack

Auto Imports LLC's day-to-day operations to be considered employers of Plaintiff and those similarly situated.

27. Defendants are jointly and severally liable.

**FLSA COLLECTIVE ALLEGATIONS**

28. Plaintiff brings Count 1 as a collective action pursuant to FLSA Section 16(b), 29 U.S.C. § 216(b), on behalf of all non-exempt Business Development Center ("BDC")/customer-service, reception, and office employees who were subject to Defendants' common timekeeping, automatic meal-deduction, off-the-clock work, and required-meeting policies during the three years preceding the filing of this Complaint (the "FLSA Collective Plaintiffs").

29. At all relevant times Plaintiff, and the members of the FLSA Collective, are and have been similarly situated, have had substantially similar job requirements and pay provisions, and are and have been subject to Defendants' decision, plan and common policies, programs, practices, procedures, protocols, routines, and rules of willfully failing and refusing to pay them at the legally required overtime premiums. The claims of Plaintiff stated herein are essentially the same as those of the other FLSA Collective Plaintiffs.

30. Count 1 is properly brought under and maintained as an opt-in collective action pursuant to FLSA Section 16(b), 29 U.S.C. § 216(b). The FLSA Collective Plaintiffs are readily ascertainable. For purpose of notice and other purposes related to this action, their names and addresses are readily available from the Defendants' records. Notice can be provided to the FLSA Collective Plaintiffs via first class mail to the last address known to Defendants.

**RULE 23 CLASS ALLEGATIONS**

31. Plaintiff brings Counts 2 and 3 pursuant to Federal Rule of Civil Procedure 23 on behalf of all non-exempt Business Development Center ("BDC"), customer-service, reception, and

office employees employed by Defendants during the six years preceding the filing of this Complaint who were subject to Defendants' common timekeeping, automatic meal-deduction, off-the-clock work, and required-meeting policies (the "Class").

32. The Class is so numerous that joinder of all Class members is impracticable. Although the precise number of such persons is unknown and within the sole knowledge of Defendants, Plaintiff estimates that the Class exceeds forty (40) members. The Class is sufficiently numerous to warrant certification.

33. The members of the Class are readily ascertainable. The number and identity of the Class members are determinable from Defendants' records. The hours assigned and worked, positions held, and rates of pay for each Class member are also determinable from Defendants' records. For notice and other purposes related to this action, their names and addresses are readily available from Defendants. Notice can be provided to the Class members by first class mail to the last address known to Defendants or by posting signs in the workplace.

34. Plaintiff's claims are typical of those claims which could be alleged by any member of the Class, and the relief sought is typical of the relief which could be sought by each member of the Class in separate actions. All the Class members were subject to the same corporate practices of Defendants, as alleged herein, of failing to pay minimum wage and failing to pay overtime compensation. Defendants' corporate-wide policies and practices affected all Class members similarly, and Defendants benefited from the same type of unfair and/or wrongful acts as to each Class member. Plaintiff and other Class members sustained similar losses, injuries and damages arising from the same unlawful policies, practices and procedures.

35. Plaintiff is able to fairly and adequately protect the interests of the Class and has no interests antagonistic to the Class. Plaintiff is represented by counsel who is experienced and

competent in both class action litigation and employment litigation and has previously represented plaintiffs in wage and hour cases.

36. A class action is superior to other available methods for the fair and efficient adjudication of the controversy, particularly in the context of wage and hour litigation where individual class members lack the financial resources to vigorously prosecute a lawsuit against corporate defendants. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of efforts and expense that numerous individual actions engender. Because the losses, injuries and damages suffered by each of the individual Class members are small in the sense pertinent to a class action analysis, the expenses and burden of individual litigation would make it extremely difficult or impossible for the individual Class members to redress the wrongs done to them. On the other hand, important public interests will be served by addressing the matter as a class action. The adjudication of individual claims would result in a great expenditure of Court and public resources; however, treating the claims as a class action would result in a significant saving of these costs. The prosecution of separate actions by individual members of the Class would create a risk of inconsistent and/or varying adjudications with respect to the individual members of the Class, establishing incompatible standards of conduct for defendants and resulting in the impairment of class members' rights and the disposition of their interests through actions to which they were not parties. The issues in this action can be decided by means of common, class-wide proof. In addition, if appropriate, the Court can, and is empowered to, fashion methods to efficiently manage this action as a class action.

37. Upon information and belief, Defendants violated the NJWHL. Current employees are often afraid to assert their rights out of fear of direct or indirect retaliation. Former employees

are fearful of bringing claims because doing so can harm their employment, future employment, and future efforts to secure employment. Class actions provide class members who are not named in the complaint a degree of anonymity which allows for the vindication of their rights while eliminating or reducing these risks.

38. There are questions of law and fact common to the Class which predominate over any questions affecting only individual class members, including:

a. Whether Defendants employed Plaintiff and the Class members within the meaning of the New Jersey Wage and Hour Law.

b. At what common rate, or rates subject to common methods of calculation, was and is Defendants required to pay Plaintiff and the Class members for their work.

c. Whether Defendants paid Plaintiff and the Class members the state minimum wage for all hours worked.

d. Whether Defendants properly compensated Plaintiff and Class members for overtime.

**FACTUAL ALLEGATIONS**

39. Based on the information presently available and subject to further discovery, Defendants failed to compensate Plaintiff and other similarly situated employees for all hours worked, including by failing to pay the applicable minimum wage and overtime premium.

40. Defendants employed Plaintiff as a customer service representative from approximately June 2017 until May 8, 2026.

41. Plaintiff's duties included supporting Defendants' office and customer-service operations by, among other things, checking email and telephone messages, communicating with

customers regarding appointments, recalls, and scheduling, printing and distributing schedules, and completing the minimum number of outbound telephone calls required by Defendant Semprivivo.

42. At all relevant times, Plaintiff and other similarly situated employees performed work for the benefit of Defendants and in furtherance of Defendants' business.

43. Defendants determined and controlled Plaintiff's work schedule.

44. Plaintiff generally worked five days per week.

45. Plaintiff's regularly scheduled workday began at approximately 7:30 a.m., when she arrived at the dealership.

46. Plaintiff's workday generally ended between approximately 6:30 p.m. and 7:00 p.m.

47. Plaintiff therefore regularly worked between approximately eleven and eleven-and-one-half hours per day, but Defendants generally paid her for only eight hours per day.

48. Defendants required Plaintiff to record the beginning and end of each workday electronically by entering an employee number, scanning her fingerprint, or scanning her face.

49. Defendants also required Plaintiff to clock out for a lunch break.

50. Plaintiff regularly worked during her lunch break.

51. Nevertheless, Defendants deducted thirty minutes from Plaintiff's compensable time each workday regardless of whether she took a lunch break.

52. As a result of this automatic deduction practice, Defendants failed to compensate Plaintiff for work she performed during purported meal periods.

53. Defendants also required employees to attend monthly meetings.

54. Defendant Semprivivo regularly sent emails to employees announcing those monthly meetings.

55. Defendants required Plaintiff to attend regular company meetings (referred to by Management as "the dog and pony") even when the meetings occurred on her days off.

56. For example, on or about April 16, 2026, Defendants required Plaintiff to attend a meeting lasting approximately forty-five minutes to one hour on her scheduled day off.

57. Defendants did not compensate Plaintiff for the time she spent attending the April 16, 2026 meeting or other required meetings held outside her paid working hours.

58. Defendants paid Plaintiff on a salary basis, but reduced her weekly salary when she worked fewer than forty hours and did not increase her compensation when she worked more than forty hours.

59. Defendants established Friday as Plaintiff's regular payday.

60. When commissions were due, Defendants generally paid them on or about the fifteenth day of the month.

61. Plaintiff's commissions were based on the number of outbound calls she made and the percentage of those calls that resulted in a customer's visit to the dealership, which Defendants referred to as the "Show Rate."

62. Defendants failed to pay Plaintiff for all hours she worked.

63. Plaintiff's wage statements did not accurately reflect all hours she worked.

64. At all relevant times, Defendant Semprivivo, Defendant Helle, members of the Management Team, and presently unidentified John Does, created, administered, supervised, and were ultimately responsible for Defendants' compensation, payroll, timekeeping, and personnel policies and practices.

65. Defendant Semprivivo required members of the Management Team, other employees, and Plaintiff to refer to him as "Boss."

66. Defendant Semprivivo exercised detailed control over the day-to-day operations of Honda of Toms River and regularly directed Plaintiff and other employees in the performance of their duties.

67. Among other things, Defendant Semprivivo regularly directed Plaintiff and other similarly situated employees regarding the number of outbound calls they were required to make each day.

68. Defendant Semprivivo required staff, including Plaintiff, to respond promptly and "reply all" to his emails.

69. Plaintiff submitted daily reports to Defendant Semprivivo identifying the number of calls she made, appointments she scheduled, and emails she sent.

70. Through Plaintiff's timekeeping records, daily reports, work schedules, and communications, Defendants knew or should have known the nature and extent of the work Plaintiff performed.

71. Defendants knew that Plaintiff regularly worked more hours than those for which she was compensated.

72. Management, including the BDC Manager, regularly asked Plaintiff to work late.

73. Management, including the BDC Manager, and Plaintiff signed attendance sheets every Monday describing Plaintiff's worktime. The attendance sheet indicated that Plaintiff usually worked more hours than her schedule.

74. In 2020, Defendants paid Plaintiff a weekly salary ranging from approximately $400.00 to $445.00.

75. In 2020, Defendants failed to pay Plaintiff overtime compensation for approximately 402.5 hours worked in excess of forty hours per week.

76. In 2021, Defendants paid Plaintiff a weekly salary ranging from approximately $400.00 to $445.00.

77. In 2021, Defendants failed to pay Plaintiff overtime compensation for approximately 910 hours worked in excess of forty hours per week.

78. In 2022, Defendants paid Plaintiff a weekly salary of approximately $600.00.

79. Based on the hours Plaintiff worked in 2022, her compensation resulted in an effective hourly rate of approximately $12.11, which was below the applicable minimum wage.

80. In 2022, Defendants failed to pay Plaintiff overtime compensation for approximately 910 hours worked in excess of forty hours per week.

81. In 2023, Defendants paid Plaintiff a weekly salary ranging from approximately $600.00 to $635.85.

82. In 2023, Defendants failed to pay Plaintiff overtime compensation for approximately 927.5 hours worked in excess of forty hours per week.

83. In 2024, Defendants paid Plaintiff a weekly salary of approximately $635.85.

84. In 2024, Defendants failed to pay Plaintiff overtime compensation for approximately 899.6 hours worked in excess of forty hours per week.

85. In 2025, Defendants paid Plaintiff a weekly salary of approximately $685.85.

86. Based on the hours Plaintiff worked in 2025, her compensation resulted in an effective hourly rate of approximately $15.10, which was below the applicable minimum wage.

87. In 2025, Defendants failed to pay Plaintiff overtime compensation for approximately 910 hours worked in excess of forty hours per week.

88. In 2026, Defendants paid Plaintiff a weekly salary of approximately $685.85.

89. Based on the hours Plaintiff worked in 2026, her compensation resulted in an effective hourly rate of approximately $15.90, which was below the applicable minimum wage.

90. In 2026, Defendants failed to pay Plaintiff overtime compensation for approximately 332.5 hours worked in excess of forty hours per week.

91. In or about December 2025, Plaintiff's manager, Tony Katawick, directed Plaintiff to resume performing a customer-service protocol known as "CSE." Under the terms of Plaintiff's compensation arrangement, Defendants were required to pay Plaintiff a commission for each successfully completed CSE.

92. On May 8, 2026, Plaintiff complained to Defendant Helle that Defendants had failed to pay her approximately $500.00 to $700.00 in earned commissions.

93. Within hours of Plaintiff's complaint concerning her unpaid wages, Defendant Helle terminated Plaintiff's employment on May 8, 2026.

94. Defendants hired several replacements to fill Plaintiff's position since her termination.

95. Defendants' failure to pay Plaintiff and other similarly situated employees the required minimum wages and overtime premiums resulted from common compensation, payroll, timekeeping, automatic-deduction, and recordkeeping policies and practices. Defendants' separate failure to pay Plaintiff her earned commissions resulted from their wage-payment practices. At all relevant times, Defendants knew of their obligations under the FLSA, the NJWHL, and the NJWPL, yet knowingly, intentionally, and willfully maintained the unlawful practices alleged herein.

**COUNT 1**
**(FLSA Overtime Violations, 29 U.S.C. §§ 201, *et seq.*)**

96. Plaintiff realleges and incorporates by reference all preceding paragraphs as if fully set forth herein.

97. At all relevant times, Defendants were employers within the meaning of 29 U.S.C. § 203(d), Plaintiff and the FLSA Collective Plaintiffs were employees within the meaning of 29 U.S.C. § 203(e), and Defendants constituted an enterprise engaged in commerce within the meaning of 29 U.S.C. §§ 203(r) and 203(s).

98. Plaintiff and the FLSA Collective Plaintiffs were non-exempt employees entitled to the overtime protections of the FLSA, and no exemption from the FLSA's overtime requirements applied to their employment.

99. Plaintiff regularly worked more than forty hours in individual workweeks, including time spent working through automatically deducted meal periods and attending required meetings outside her paid working hours.

100. Pursuant to 29 U.S.C. § 207(a)(1), Defendants were required to compensate Plaintiff and the FLSA Collective Plaintiffs at a rate not less than one and one-half times their regular rates of pay for all hours worked in excess of forty in a workweek.

101. Defendants paid Plaintiff a weekly salary that was reduced when she worked fewer than forty hours but was not increased when she worked more than forty hours. Defendants did not pay Plaintiff the required overtime premium for hours worked in excess of forty in a workweek.

102. Defendants knew or should have known that Plaintiff worked more than forty hours in individual workweeks through, among other things, their schedules, electronic timekeeping system, daily activity reports, meeting notices, and direct supervision of Plaintiff's work.

103. Defendants maintained common compensation, timekeeping, automatic-deduction, and recordkeeping policies and practices that failed to capture and compensate all hours worked by Plaintiff and the FLSA Collective Plaintiffs.

104. By failing to compensate Plaintiff and the FLSA Collective Plaintiffs at one and one-half times their regular rates of pay for all hours worked in excess of forty in a workweek, Defendants violated 29 U.S.C. § 207.

105. Defendants' violations were willful within the meaning of 29 U.S.C. § 255(a) because Defendants knew or showed reckless disregard for whether their compensation and timekeeping practices violated the FLSA. Accordingly, the FLSA's three-year limitations period applies.

106. As a direct and proximate result of Defendants' violations, Plaintiff and the FLSA Collective Plaintiffs are entitled to recover their unpaid overtime compensation, an additional equal amount as liquidated damages, reasonable attorneys' fees and costs pursuant to 29 U.S.C. § 216(b), and such other relief as the Court deems just and proper.

**COUNT 2**
**(New Jersey Wage and Hour Law Minimum Wage Violations, N.J.S.A. §§ 34:11-56a, *et seq.*)**

107. Plaintiff realleges and incorporates by reference all preceding paragraphs as if fully set forth herein.

108. At all relevant times, Defendants were employers, and Plaintiff and the members of the Class were employees, within the meaning of the New Jersey Wage and Hour Law ("NJWHL"), N.J.S.A. §§ 34:11-56a, *et seq*.

109. Plaintiff and the members of the Class were non-exempt employees entitled to the minimum-wage protections of the NJWHL.

110. Pursuant to N.J.S.A. § 34:11-56a4, Defendants were required to compensate Plaintiff and the members of the Class at a rate not less than the applicable New Jersey minimum wage for each hour worked.

111. Defendants' compensation practices, including their failure to compensate all hours worked, resulted in Plaintiff receiving less than the applicable New Jersey minimum wage during workweeks within the limitations period, including workweeks in 2022, 2025, and 2026.

112. Defendants failed to pay Plaintiff and the members of the Class the applicable New Jersey minimum wage for all hours worked, in violation of N.J.S.A. § 34:11-56a4.

113. Defendants knew or should have known the number of hours Plaintiff worked through, among other things, their schedules, electronic timekeeping system, daily activity reports, meeting notices, and direct supervision of Plaintiff's work, but failed to maintain true and accurate records of hours worked and wages paid as required by N.J.S.A. § 34:11-56a20.

114. Plaintiff brings this claim within the six-year limitations period established by N.J.S.A. § 34:11-56a25.1.

115. As a direct and proximate result of Defendants' violations, Plaintiff and the members of the Class are entitled to recover their unpaid minimum wages, liquidated damages in an amount up to 200% of the unpaid wages, reasonable attorneys' fees and costs pursuant to N.J.S.A. § 34:11-56a25, pre-judgment and post-judgment interest, and such other relief as the Court deems just and proper.

**COUNT 3**
**(New Jersey Wage and Hour Law Overtime Violations, N.J.S.A. § 34:11-56a4(b), *et seq.*)**

116. Plaintiff realleges and incorporates by reference all preceding paragraphs as if fully set forth herein.

117. At all relevant times, Defendants were employers, and Plaintiff and the members of the Class were employees, within the meaning of the NJWHL.

118. Plaintiff and the members of the Class were non-exempt employees entitled to the overtime protections of the NJWHL, and no exemption from the NJWHL's overtime requirements applied to their employment.

119. Plaintiff regularly worked more than forty hours in individual workweeks, including time spent working through automatically deducted meal periods and attending required meetings outside her paid working hours.

120. Pursuant to N.J.S.A. § 34:11-56a4(b), Defendants were required to compensate Plaintiff and the members of the Class at a rate not less than one and one-half times their regular rates of pay for all hours worked in excess of forty in a workweek.

121. Defendants paid Plaintiff a weekly salary that was reduced when she worked fewer than forty hours but was not increased when she worked more than forty hours. Defendants did not pay Plaintiff the required overtime premium for hours worked in excess of forty in a workweek.

122. Defendants knew or should have known that Plaintiff worked more than forty hours in individual workweeks through, among other things, their schedules, electronic timekeeping system, daily activity reports, meeting notices, and direct supervision of Plaintiff's work.

123. Defendants maintained common compensation, timekeeping, automatic-deduction, and recordkeeping policies and practices that failed to capture and compensate all hours worked by Plaintiff and the members of the Class.

124. By failing to compensate Plaintiff and the members of the Class at one and one-half times their regular rates of pay for all hours worked in excess of forty in a workweek, Defendants violated N.J.S.A. § 34:11-56a4(b).

125. Plaintiff brings this claim within the six-year limitations period established by N.J.S.A. § 34:11-56a25.1.

126. As a direct and proximate result of Defendants' violations, Plaintiff and the members of the Class are entitled to recover their unpaid overtime compensation, liquidated damages in an amount up to 200% of the unpaid compensation, reasonable attorneys' fees and costs pursuant to N.J.S.A. § 34:11-56a25, pre-judgment and post-judgment interest, and such other relief as the Court deems just and proper.

**COUNT 4**
**(New Jersey Wage Payment Law Violations,**
**N.J.S.A. §§ 34:11-4.1 et seq., Including N.J.S.A.**
**§§ 34:11-4.2, 34:11-4.3, and 34:11-4.10)**

127. Plaintiff realleges and incorporates by reference all preceding paragraphs as if fully set forth herein.

128. Plaintiff's claim under the NJWPL for unpaid earned commissions is independent of her retaliation claims and is not pleaded in the alternative. To the extent this Count seeks relief for Defendants' termination of Plaintiff in retaliation for her wage complaint, that portion of this Count is pleaded in the alternative to Plaintiff's CEPA claim asserted in Count 5, pursuant to Federal Rule of Civil Procedure 8(d)(2) and (3). Plaintiff does not seek duplicative recovery for the same retaliatory conduct.

129. At all relevant times, Defendants were employers and Plaintiff was an employee within the meaning of the New Jersey Wage Payment Law ("NJWPL"), N.J.S.A. §§ 34:11-4.1, *et seq*.

130. Plaintiff's earned compensation, including commissions directly related to the work she performed, constituted wages within the meaning of N.J.S.A. § 34:11-4.1(c).

131. Under Plaintiff's compensation arrangement, Defendants were required to pay Plaintiff a commission for each successfully completed CSE.

132. Defendants were required to pay Plaintiff all wages due on the regular paydays established in advance and, following the termination of her employment, no later than the regular payday for the pay period in which the termination occurred. N.J.S.A. §§ 34:11-4.2 and 34:11-4.3.

133. Defendants failed to pay Plaintiff approximately $500.00 to $700.00 in earned CSE commissions on the applicable regular payday and failed to pay those wages following the termination of Plaintiff's employment.

134. On May 8, 2026, Plaintiff complained to Defendant Helle that Defendants had failed to pay her earned commissions. Plaintiff's internal wage complaint constituted protected activity under N.J.S.A. § 34:11-4.10(a), regardless of whether she expressly identified a statutory provision.

135. Within hours of Plaintiff's protected wage complaint, Defendant Helle terminated Plaintiff's employment.

136. Defendants knowingly failed to pay Plaintiff the full amount of wages due and retaliated against Plaintiff because she complained about unpaid wages, in violation of the NJWPL, including N.J.S.A. §§ 34:11-4.2, 34:11-4.3, and 34:11-4.10.

137. As a direct and proximate result of Defendants' wage-payment violations, Plaintiff suffered unpaid wages and other damages. As a direct and proximate result of Defendants' retaliation, Plaintiff suffered lost wages, lost benefits, and other economic harm.

138. Plaintiff is entitled to recover all unpaid wages and wages lost because of Defendants' retaliation, liquidated damages in an amount up to 200% of the wages due or lost, reinstatement or other appropriate equitable relief, reasonable attorneys' fees and costs, pre-

judgment and post-judgment interest, and such other relief as the Court deems just and proper pursuant to N.J.S.A. § 34:11-4.10.

**COUNT 5**
**(Conscientious Employee Protection Act,**
**N.J.S.A. §§ 34:19-1, *et seq.*)**

139. Plaintiff realleges and incorporates by reference all preceding paragraphs as if fully set forth herein.

140. To the extent Count 5 seeks relief for Plaintiff's retaliatory termination, it is pleaded in the alternative to the retaliation component of Count 4 pursuant to Federal Rule of Civil Procedure 8(d)(2) and (3). Plaintiff does not seek duplicative recovery and preserves her right to pursue the statutory remedy supported by the facts and applicable law.

141. At all relevant times, Defendants were employers and Plaintiff was an employee within the meaning of the Conscientious Employee Protection Act ("CEPA"), N.J.S.A. §§ 34:19-1, *et seq*. Defendants Semprivivo and Helle were Plaintiff's supervisors within the meaning of N.J.S.A. § 34:19-2(d).

142. CEPA prohibits an employer from taking retaliatory action against an employee because the employee discloses or threatens to disclose to a supervisor an activity, policy, or practice of the employer that the employee reasonably believes violates a law, rule, or regulation. N.J.S.A. § 34:19-3(a)(1).

143. CEPA also prohibits an employer from taking retaliatory action against an employee because the employee objects to or refuses to participate in an activity, policy, or practice that the employee reasonably believes violates a law, rule, or regulation. N.J.S.A. § 34:19-3(c)(1).

144. Defendants maintained compensation and wage-payment policies and practices that violated the FLSA, the NJWHL, and the NJWPL, including their failure to pay Plaintiff all earned commissions.

145. Plaintiff reasonably believed that Defendants' failure to pay her earned commissions violated federal and New Jersey wage laws.

146. On May 8, 2026, Plaintiff disclosed and complained to Defendant Helle that Defendants had failed to pay her approximately $500.00 to $700.00 in earned commissions. Plaintiff thereby disclosed and objected to an activity, policy, or practice that she reasonably believed violated the law. Plaintiff's conduct constituted protected whistleblowing activity under N.J.S.A. § 34:19-3(a)(1) and/or N.J.S.A. § 34:19-3(c)(1).

147. Within hours of Plaintiff's protected activity, Defendant Helle terminated Plaintiff's employment. Plaintiff's termination constituted retaliatory action within the meaning of N.J.S.A. § 34:19-2(e).

148. The unusually close temporal proximity between Plaintiff's protected activity and her termination, together with the circumstances alleged herein, supports a causal connection between Plaintiff's protected activity and Defendants' retaliatory action.

149. Defendants terminated Plaintiff because she disclosed and objected to conduct that she reasonably believed violated the law, in violation of N.J.S.A. § 34:19-3(a)(1) and/or N.J.S.A. § 34:19-3(c)(1).

150. As a direct and proximate result of Defendants' violation of CEPA, Plaintiff suffered lost wages and benefits, emotional distress, and other economic and non-economic harm.

151. Plaintiff is entitled to all relief available under N.J.S.A. § 34:19-5, including compensatory damages, damages for emotional distress, back pay and lost benefits, reinstatement

or front pay, punitive damages, reasonable attorneys' fees and costs, pre-judgment and post-judgment interest, and such other legal and equitable relief as the Court deems just and proper.

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff Lisa Caiola, individually and on behalf of the FLSA Collective Plaintiffs and the members of the proposed Rule 23 Class, respectfully requests that the Court enter judgment in her favor and against Defendants, jointly and severally, and grant the following relief:

A. Conditionally certify this action as a collective action pursuant to 29 U.S.C. § 216(b), designate Plaintiff as the representative of the FLSA Collective, appoint Plaintiff's counsel as Collective Counsel, and authorize notice to all persons eligible to join the FLSA Collective;

B. Certify the proposed Class pursuant to Federal Rule of Civil Procedure 23, designate Plaintiff as the Class Representative, and appoint Plaintiff's counsel as Class Counsel;

C. Declare that Defendants violated the FLSA, the NJWHL, the NJWPL, and CEPA through the unlawful conduct alleged herein;

D. Award Plaintiff and the FLSA Collective Plaintiffs all unpaid overtime compensation recoverable under the FLSA;

E. Award Plaintiff and the members of the Class all unpaid minimum wages and overtime compensation recoverable under the NJWHL;

F. Award Plaintiff her unpaid commissions and other wages recoverable under the NJWPL;

G. Award Plaintiff and the FLSA Collective Plaintiffs liquidated damages equal to their unpaid overtime compensation pursuant to 29 U.S.C. § 216(b);

H. Award Plaintiff and the members of the Class liquidated damages of up to 200% of the unpaid wages recoverable under the NJWHL, and award Plaintiff the liquidated damages available under the NJWPL;

I. Award Plaintiff all back pay, front pay, lost wages, lost benefits, and other economic damages resulting from Defendants' retaliatory conduct;

J. Award Plaintiff compensatory damages, including damages for emotional distress, arising from Defendants' violation of CEPA;

K. Award Plaintiff punitive damages under CEPA in an amount to be determined at trial;

L. Order Plaintiff's reinstatement to her former position, or an equivalent position, with restoration of her seniority, compensation, fringe benefits, and other employment rights, or award front pay if reinstatement is not feasible;

M. Enter appropriate declaratory and injunctive relief prohibiting Defendants from continuing the unlawful wage-and-hour and retaliatory practices alleged herein;

N. Award reasonable attorneys' fees and costs pursuant to 29 U.S.C. § 216(b), N.J.S.A. § 34:11-56a25, N.J.S.A. § 34:11-4.10, N.J.S.A. § 34:19-5, and all other applicable law;

O. Award pre-judgment and post-judgment interest to the fullest extent permitted by law; and

P. Grant such other and further legal or equitable relief as the Court deems just and proper.

**DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a jury trial on all causes of action and claims with respect to which she has a right to jury trial.

Dated: New York, New York
August 25, 2026

Respectfully submitted,

**THE LAW OFFICES OF**
**THOMAS H. ANDRYKOVITZ, P.C.**

By: /s/ Thomas H. Andrykovitz
Thomas H. Andrykovitz, Esq.
260 Madison Avenue, 15th Floor
New York, NY 10017
(917) 719-0505
thomas@thomashenrylaw.com
*Attorneys for Plaintiff*